UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| NICHLON CHARLES,<br><br>            Plaintiff,<br><br>  -against-<br><br>THE CITY OF NEW YORK, P.O. Brian Ramirez, Shield No. 22014; and P.O. JOHN DOE 1 through 10, individually and in their official capacities, the true names of JOHN DOE being presently unknown,<br><br>            Defendants. | **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND P.O. RAMIREZ**<br><br>15-CV-727 (PKC) (LB)<br><br>**JURY TRIAL DEMANDED** |

------------------------------------------------------------------------x

  Defendant City of New York and Police Officer Brian Ramirez by their attorney, Zachary W. Carter, Corporation Counsel for the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

  1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

  2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

  3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

  4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

  5. Paragraph "5" of the complaint is a demand for jury trial to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that, on or about July 27, 2014, Police Officer Brian Ramirez was employed by the New York City Police Department ("N.Y.P.D."). Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe defendants. Admit only that plaintiff purports to sue Officer Ramirez and John Doe defendants as set forth therein.

9. Deny the allegations set forth in paragraph "9" of the complaint; to the extent that paragraph "9" of the complaint contains conclusions of law, no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit only that, on or about July 27, 2014, plaintiff was lawfully arrested at 230 Lott Avenue, Brooklyn, New York.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that, on or about July 27, 2014, Police Officer Ramirez was present at 230 Lott Avenue, Brooklyn, New York.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was searched pursuant to a lawful arrest.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that, on or about July 27, 2014, plaintiff was transported to the 73rd Precinct pursuant to a lawful arrest.

18. Admit only that, upon information and belief, on or about July 27, 2014, plaintiff was transported to Brooklyn Central Booking pursuant to a lawful arrest.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit only that, on or about July 28, 2014, plaintiff was arraigned.

20. Admit only that plaintiff spent over 24 hours in custody pursuant to a lawful arrest on or about July 27, 2014.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit only that plaintiff accepted an Adjournment in Contemplation of Dismissal on December 3, 2014.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint and state that acting "under color of state law" is a legal conclusion to which no response is required.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint and state that acting "under color of state law" is a legal conclusion to which no response is required.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and further deny the remaining allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Object to and deny the embedded assertion "[a]s a result of defendant's unlawful actions" and further deny the remaining allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and further deny the remaining allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Object to and deny the embedded assertion "[a]s a result of the aforesaid conduct by defendants" and further deny the remaining allegations set forth in paragraph "41" of the complaint.

42. Object to and deny the embedded assertion "[a]s a result of the foregoing" and further deny the remaining allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Object to and deny the embedded assertion "[i]n creating such false evidence" and further deny the remaining allegations set forth in paragraph "45" of the complaint.

46. Object to and deny the embedded assertion "[t[he aforesaid conduct" and further deny the remaining allegations set forth in paragraph "46" of the complaint.

47. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and further deny the remaining allegations et forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and further deny the remaining allegations set forth in paragraph "52" of the complaint.

53. Object to and deny the embedded assertion "[t]he acts complained of" and further deny the remaining allegations set forth in paragraph "53" of the complaint.

54. Object to and deny the embedded assertion "[t]he aforementioned customs, practices, procedures, and rules of the City and NYPD" and further deny the remaining allegations set forth in paragraph "54" of the complaint.

55. Notwithstanding that paragraph "55" of the complaint fails to comply with the pleading requirements of Feb. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny the allegations set forth in paragraph "55" of the complaint.

56. Notwithstanding that paragraph "56" of the complaint fails to comply with the pleading requirements of Feb. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny the allegations set forth in paragraph "56" of the complaint and its 18 discrete subparts and respectfully refer the Court to the cases cited therein for a full recitation of the facts alleged in those cases.

57. Notwithstanding that paragraph "57" of the complaint fails to comply with the pleading requirements of Feb. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny the allegations set forth in paragraph "57" of the complaint and its seven discrete subparts and respectfully refer the Court to the articles cited therein for a full recitation of the reporter's interpretations of the events set forth therein.

58. Notwithstanding that paragraph "58" of the complaint fails to comply with the pleading requirements of Feb. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny the allegations set forth in paragraph "58" of the complaint and its seven discrete subparts and respectfully refer the Court to the reports and articles cited therein for a full recitation of the reporter's interpretations of the events set forth therein.

59. Object to and deny the embedded assertion that "[t]he existence of aforesaid unconstitutional customs and practices" and further deny the allegations set forth in paragraph "59" of the complaint.

60. Notwithstanding that paragraph "60" of the complaint fails to comply with the pleading requirements of Feb. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny the allegations set forth in paragraph "60" of the complaint and respectfully refer the Court to the case cited therein for a full recitation of the facts alleged and the Court's rulings therein.

61. Deny the allegations set forth in paragraph "61" of the complaint and respectfully refer the Court to the case cited therein for a full recitation of the facts alleged the Court's rulings therein.

62. Deny the allegations set forth in paragraph "62" of the complaint and respectfully refer the Court to the 21-year old report cited therein for a full and accurate recitation of the findings therein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Notwithstanding that paragraph "65" of the complaint fails to comply with the pleading requirements of Feb. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny the allegations set forth in paragraph "65" of the complaint.

66. Notwithstanding that paragraph "66" of the complaint fails to comply with the pleading requirements of Feb. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny the allegations set forth in paragraph "66" of the complaint.

67. Object to and deny the embedded assertion that "[t]he existence of the aforesaid unconstitutional customs and practices" is true and deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint and respectfully refer the Court to the case cited therein for a full recitation of the reporter's interpretations of the facts therein.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Object to and deny the embedded assertion that "[a]ll of the foregoing acts by defendants" occurred and deny the remaining allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Object to and deny the embedded assertion "[t]he aforementioned City policies, practices and/or customs" and further deny the remaining allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Object to and deny the embedded assertion "[a]s a result of the foregoing" and further deny the remaining allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph 81" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and further deny the remaining allegations set forth in paragraph "83" of the complaint.

**FIRST AFFIRMATIVE DEFENSE:**

84. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

85. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of third parties and was not the proximate result of any act of defendant.

**THIRD AFFIRMATIVE DEFENSE:**

86. Defendants City of New York and Police Officer Brian Ramirez have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

**FOURTH AFFIRMATIVE DEFENSE:**

87. Plaintiff may have, in part, failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**FIFTH AFFIRMATIVE DEFENSE:**

88. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**SIXTH AFFIRMATIVE DEFENSE:**

89. Punitive damages cannot be assessed against defendant City.

**SEVENTH AFFIRMATIVE DEFENSE:**

90. To the extent any force was used, such force was reasonable, necessary, and justified.

### EIGHTH AFFIRMATIVE DEFENSE:

91. Plaintiff may have failed to meet the conditions precedent to this lawsuit.

### NINTH AFFIRMATIVE DEFENSE:

92. This action may be barred, in whole or in part, by the applicable limitations period.

### TENTH AFFIRMATIVE DEFENSE:

93. There was probable cause for plaintiff's arrest, detention and prosecution.

### ELEVENTH AFFIRMATIVE DEFENSE:

94. Plaintiff failed to mitigate his damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE:

95. Plaintiff has not stated a viable claim under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

### THIRTEENTH AFFIRMATIVE DEFENSE:

96. Defendant Police Officer Ramirez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE:

97. At all times relevant to the acts alleged in the complaint, defendant Police Officer Brian Ramirez acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE,** defendants City of New York and Police Officer Brian Ramirez respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          May 5, 2015

                ZACHARY W. CARTER
                Corporation Counsel of the
                  City of New York
                *Attorney for Defendants City of New York and P.O. Ramirez*
                100 Church Street
                New York, New York 10007
                (212) 356-3514

By:
                              /s
                PETER J. FOGARTY
                *Assistant Corporation Counsel*

cc:    Raoul Zaltzberg, Esq. (By ECF)
       *Attorney for Plaintiff*
       305 Broadway, Suite 900
       New York, New York 10007